**HEIDELBERG v. NEWTON.　(No. 3342.)**

(Court of Civil Appeals of Texas. Texarkana. Jan. 27, 1927.)

**1. Sales ⬦=21—Interference by seller with buyer's right to remove building held not ground for cancellation of notes given for price.**

Where plaintiff had purchased defendant's building and moved part of it, and defendant, within time allowed plaintiff to clear lot, had torn down the rest, *held*, there was no failure of consideration, and plaintiff is not entitled to have cancellation of notes given for price.

**2. Damages ⬦=105—Where defendant wrecked building plaintiff was about to move, measure of damages held to be value if moved less cost of moving.**

Where defendant improperly tore down building which plaintiff was about to move, measure of damages *held* to be value of building if it had been moved less cost of moving.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Suit by W. A. Newton against S. R. Heidelberg. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Owning certain lots on which a two-story frame building used as a hotel was situated in the city of Jacksonville, appellant S. R. Heidelberg sold the lots to Byrd Bros., and the building, together with the furniture, etc., therein, which he also owned, to appellee W. A. Newton, who contemplated moving same to nearby lots he owned. The sale to Byrd Bros. was made on or about October 22, 1925, and the sale to appellee was made about November 1, 1925, it seems. At the time of the transactions mentioned, W. J. Hawthorn was in possession of and using the property by virtue of a contract between him and appellant, and by the terms of the contract was entitled to continue in such possession and use until April 4, 1926. When Byrd Bros. purchased the lots, appellant agreed with them to have the building and furniture, etc., therein moved and the lots cleared within 30 days from the time Hawthorn vacated the building. According to appellant's contention, when he sold the building and furniture, etc., to appellee, it was understood between them that appellee would clear the lot of same within the time appellant was bound to do so by the terms of his contract with Byrd Bros. Appellee, having induced Hawthorn to vacate the building, hired help, and on November 3 or 4, 1925, began moving the furniture and furnishings and parts of the building from the lots. He continued the work until about November 16, 1925, when he became ill. His illness continued several weeks, it seems, and during the time he did nothing toward moving the part of the building still remaining on the lots. When the work of moving the building, commenced by appellee as stated, ceased, Byrd Bros. called appellant's attention to the fact and demanded that he take the steps necessary to have the lot cleared, as he had agreed to, within the 30 days following the date Hawthorn vacated the building. November 17, 1925, appellant in writing complained to appellee and his wife and two sons, Walter and Zelvie Newton, that the work of moving the building had ceased, reminded them of his obligation to Byrd Bros. to have the lot cleared within a time specified, then near, and notified them if the work of clearing the lot was not resumed within 48 hours from said November 17 he would treat their right to the part of the building remaining on the lot as forfeited. The notice referred to having been ignored, and appellee having done nothing more towards moving the building, on November 23 appellant began tearing it down, and by December 1 had cleared the lots in compliance with his undertaking with Byrd Bros. This suit was by appellee against appellant. It was to cancel promissory notes for sums aggregating $636, given by the former to the latter for the purchase price of the building and furnishings, and a trust deed on certain land given by appellee to secure the notes; and to recover of appellant $50, which appellee claimed he had paid Hawthorn to induce him to vacate the building, and $300 which he claimed he had expended in preparations made to move the building from the lots. Special issues were submitted to the jury, and they found as facts: First, that appellant "agreed to deliver possession of the house to" appellee "immediately when the trade was made"; second, that appellee agreed with appellant to move the building off of the lots in 30 days from the time he obtained possession thereof; third, that appellant commenced moving the building within 30 days after appellee obtained possession thereof; fourth, that it was necessary for appellee to pay Hawthorn $50 "in order to get immediate possession of the building"; and, fifth, that appellee suffered damages in the sum of $300 "by reason of preparing and working to move the building." The appeal by Heidelberg is from a judgment against him in appellee's favor for $350, and canceling the notes and deed of trust to secure same above referred to.

S. R. Heidelberg, of Jacksonville, in pro. per.

John B. Guinn, of Jacksonville, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] We think the judgment is erroneous. It appeared without dispute in the testimony that possession of the property appellee purchased was delivered to him, and that he had moved parts of the building and

all of the furniture and furnishings therein to a warehouse he owned at the time appellant committed the trespass complained of. It was not pretended that any of the property appellee purchased was not delivered to him, nor that any of that delivered to him was not as it was represented to him to be at the time he purchased it. Clearly, therefore, appellee was not entitled to have the notes and trust deed securing same canceled on the theory that the consideration therefor had failed. If he had a cause of action against appellant, it was one for damages alone, and on the theory that appellant's act in tearing down the part of the building left on the lots was unlawful. It was on this theory, it seems, that the trial court awarded appellee a recovery of the $50 he paid Hawthorn and the $300 he expended in preparing to move the building. It is clear, we think, that the sums so expended by appellee were not recoverable by him on the allegations in his pleadings, and that the measure of his damages, instead, was the value the part of the building not removed by him from the Byrd Bros.' lots would have possessed had same been moved to the lots he contemplated moving same to, less the cost of moving it to those lots. Ry. Co. v. Scott, 172 Ky. 183, 189 S. W. 7, L. R. A. 1917C, 1038.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.